[No. 4,068.]

# ARTHUR McDERMOTT and F. W. DAY v. H. K. MITCHELL.

An Answer in a Suit as Evidence.—A joint answer of two defendants, signed by their attorney, and verified by only one of them, is not admissible in evidence, for the purpose of proving the allegations therein contained, in an action brought against the defendant who did not sign or verify.

Appeal from the District Court, Third Judicial District, City and County of San Francisco.

On the tenth day of July, 1866, the defendant Mitchell brought an action against A. M. Dibble and John S. Morris, to recover possession of a quantity of wheat and barley, or the value thereof. The writ was placed in the hands of W. O. Middleton, the sheriff, who took the property, and while he held it, S. R. Ellsworth claimed it, and Mitchell, as principal, and A. J. Hahn and E. W. Root, as sureties, executed to the sheriff an indemnity bond, who thereupon delivered the property to Mitchell. Ellsworth sued the sheriff for possession of the property, or, if return could not be had, for the value, and recovered judgment for its value assessed at $1,833.35 and $138 costs. Middleton appealed, and to stay execution, the plaintiffs here, as sureties, executed an undertaking on appeal. The judgment was affirmed September 5th, 1864. Upon the filing of the remittitur in the Court below, an execution was issued, which was returned by the sheriff, *nulla bona*. Middleton died in October, 1864, and in August, 1865, L. Van Orden was appointed the administrator of his estate. In July, 1865, Ellsworth assigned his judgment against Middleton, to C. F. Lott, who presented it to Van Orden, as a claim against Middleton's estate, and it was allowed for $2,642.75; but the estate being insolvent, it was not paid. Lott, on the seventh of August, 1865, sued the plaintiff here on the appeal bond, and recovered judgment, and the plaintiffs paid the same on the eighteenth day of October, 1867. The plaintiffs brought this action on the indemnity bond, on the twenty-seventh day of February, 1873, to recover from Mitch-

ell the sum they thus paid to satisfy the judgment on the appeal bond. They alleged in their complaint, that Mitchell was the real party in interest in the litigation in the suit of *Ellsworth* v. *Middleton*, and that Middleton appealed at his request, and for his sole benefit, and that Mitchell applied to them to become sureties on the appeal bond, and that they signed it at his request, and that Mitchell did not pay the judgment against Middleton, on the appeal bond, but that they paid it, and that, by reason thereof, the bond of indemnity had been broken by Mitchell, and that they were entitled to be subrogated to all the rights of Middleton on the bond of indemnity.

Mitchell, in his answer, denied that Middleton appealed at his request, or that he applied to the plaintiffs to become sureties on the appeal bond, or that they became such sureties at his request. There were other defenses set up, which, as they are not passed on in the opinion, would not be relevant to the case here.

Van Orden, the administrator, pursuant to an order of the Probate Court, on the eighth day of November, 1867, sold the indemnity bond to J. M. Brock, who sued Mitchell, the principal, and Root, one of the sureties, on it, and on the trial, December 20th, 1869, the defendants had judgment of nonsuit. The answer of Mitchell and Root in said action was joint, and was signed by their attorney, and verified by Root. In this answer it was alleged that Mitchell procured the plaintiffs here, McDermott and Day, to execute the appeal bond in behalf of Middleton, in the case of *Ellsworth* v. *Middleton*. On the trial of this case, the plaintiffs, to prove the allegation in the complaint that they executed the appeal bond at the request of Mitchell, offered said answer in *Brock* v. *Mitchell and Root*, in evidence, and the Court received it against the objection of the defendant. The plaintiffs had judgment for $4,342.85 and costs, and the defendant appealed.

*Botts & Aldrich*, for the Appellant, argued that the Court erred in receiving in evidence the answer of Mitchell and Root, in the case of *Brock* v. *Mitchell and Root*, because the

answer was the sworn statement of Root alone, and, so far as Mitchell was concerned, was the mere statement of the attorney.

*W. H. Rhodes*, for Respondents, argued that the answer was an admission of Mitchell in a judicial proceeding, and therefore admissible against him, and cited, Greenleaf on Ev., Secs. 171, 194 and 527, and 9 Pick. 507–8; 3 Greenleaf, 316; 33 Maine, 370; and 7 Cush. 465. He also argued that it was admissible in evidence as an admission of counsel, and cited, 1 Green. Ev., Sec. 205, and 7 Car. & P., 6.


By the Court:

1. The answer filed in the case of *Brock* v. *Mitchell and Root* was not admissible in evidence against Mitchell in this action. True, it was the joint answer of Root and Mitchell in that action, verified by Root—but not verified by Mitchell. As to the latter, it was the mere work of the attorney, and, therefore, not admissible as evidence against the client in another action.

2. We understand the answer in the action of *Brock* v. *Mitchell and Root* to have been the only evidence offered to prove that the defendant procured the plaintiffs to execute the undertaking on appeal, or to prove that Mitchell directed or requested Middleton to take an appeal in the Ellsworth case, and it being inadmissible for that purpose, the judgment cannot be supported.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.