[Civ. No. 681. Fourth Appellate District.—October 17, 1933.]

E. A. LYNCH, as Trustee in Bankruptcy, etc., Appellant, v. BROOKIE MAY KUPFER, Respondent.

McFadden & Holden, S. F. Gallagher and John E. Dalton for Appellant.

Combs & Combs for Respondent.

BARNARD, P. J.—On August 11, 1928, the defendant conveyed to the plaintiff certain lots in Newport Beach, according to the recorded map or plat thereof. Thereafter, the plaintiff brought this action to quiet title to a tract of land lying between the lots as described in the deed and the line of ordinary high tide of the Pacific Ocean in Newport Bay. In her answer the defendant alleged that she was the owner of this additional land and asked that her title thereto be quieted. The court found in favor of the defendant and from a judgment quieting her title the plaintiff has appealed.

The appellant introduced no oral testimony and relies entirely upon two exhibits received in evidence as establishing title in himself. The first of these is the above-mentioned deed executed by the respondent purporting to convey to the appellant certain lots as designated on the map. The other exhibit is the judgment-roll in a former action in which the city of Newport Beach was plaintiff and in which the parties to the present action, with others, were the defendants. In that action the court fixed the line of ordinary high tide of the Pacific Ocean in Newport Bay and adjudged and decreed that this respondent was the owner of the land in controversy, describing the same by metes and bounds, the description running from the lines of the lots and block as shown on the map or plat referred to and extending to and along the line of ordinary high tide. This judgment was entered on July 2, 1928, a few weeks before the deed above referred to was executed and delivered.

It is appellant's contention that this second exhibit establishes that the land here in question, lying between the lots as described in the deed and the ocean, was and is alluvion (Civ. Code, sec. 1014); that as such it was and is a part of the upland lots which were conveyed to the appellant by the respondent; and that, under section 830 of the Civil Code, the deed conveying the described lots also conveyed title to the additional land. The respondent concedes the general rules of law relied upon by the appellant, to the effect that alluvion or accreted land becomes a part of the upland and passes with a conveyance of the latter, in the absence of facts showing an intent to separate the same, but contends that the appellant failed to meet the burden of proof resting upon him to prove that the land in question was and is alluvion, and that the evidence discloses such an intent to separate the two parcels as will prevent the passing of title to the additional land under the deed conveying the specific lots.

The complaint in this action describes the land claimed exactly as the same was described in the judgment in the former action. In that action the court fixed the line of ordinary high tide, found that certain of the defendants were entitled to certain lands, and adjudged that this respondent was the owner of this particular land. No finding was made that this land was or is alluvion or accretion, and

neither the findings nor judgment make any reference thereto. As proof that this land is alluvion, the appellant here relies upon a statement in an affirmative defense included in the answer filed for all of the defendants in the former action, which reads as follows: ''That there is attached to the respective parcels of land above described as alluvion and accretion thereto, formed from natural causes by imperceptible degrees, other lands, which, by virtue of said accretion belong to said defendants and which said lands extend over, beyond and bayward of the said line described in said complaint.'' It is argued that while the court made no finding with reference to that special defense, it was ''necessary for the court to find that the land here in controversy was alluvion in order to warrant the judgment made in said action''. The statement referred to is not binding upon this respondent since the answer in which it appears was signed only by the attorneys for the defendants in that action and the same was not verified, verification being waived (*McDermott* v. *Mitchell*, 47 Cal. 249). So far as appears from the judgment-roll in that case, the findings and judgment were based upon the issues raised by the complaint and the answer, without regard to the affirmative defense. While the appellant argues that it was ''necessary for the court to find that the land here in controversy was alluvion in order to warrant the judgment made in said action'', this fact does not appear from the judgment-roll, and the judgment, even though it may have been erroneous, is binding in the absence of a direct attack (*Strand Improvement Co.* v. *Long Beach*, 173 Cal. 765 [161 Pac. 975]). Nothing appearing in the judgment-roll in that action establishes that the land here in question was formed through natural causes by imperceptible degrees. The respondent states that the land in controversy is approximately 262 feet long by 50 feet in width and that its area is considerably in excess of that of the lots conveyed by description to the appellant. While it appears from the description used that the land in controversy is 50 feet in width, its length or the distance between the described lots and the ocean nowhere appears in the record.

The appellant argues that by the doctrine of *res adjudicata* or estoppel, or both, the judgment in the former action establishes that this particular land is alluvion and a

part of the lots formerly owned by the respondent. Not only were the parties hereto not adverse in the former action, but the judgment therein referred to the fact that this appellant claimed some interest in this property as against this respondent and awarded the property to this respondent subject to such rights, if any, particularly stating that no adjudication was made in regard thereto.

The question of whether title to accreted land passes when the upland, to which it is attached, is conveyed, is purely one of the intention of the parties (*Freeman* v. *Bellegarde,* 108 Cal. 179 [41 Pac. 289, 49 Am. St. Rep. 76]; *Fowler* v. *Wood,* 73 Kan. 511 [85 Pac. 763, 117 Am. St. Rep. 534, 6 L. R. A. (N. S.) 162]; *Orndorff* v. *Steele,* (N. Y.) 2 Barb. 126). But slight evidence is required to show an intention to separate the two (Tyler on Boundaries, 230). Under the authorities and under Civil Code, section 830, where there is nothing to indicate a contrary intent, a conveyance of the original tract carries title to adjoining alluvion. Where the grant under which the land is held indicates a different intent, the contrary is true. So far as a record title is concerned, the respondent held the land here in question under the judgment in the former action, which itself was a muniment of title. While the size of this particular tract does not here appear, it does appear that it was of sufficient area and importance to be made the subject of litigation and, in awarding it to this respondent, the court gave it a definite description, setting it apart from other lands awarded to other defendants in that action. In that action it was treated as separate and apart from the lots described by reference to the plat on file and the description attached to it by the court began at these lot lines and ran to the ocean. Almost immediately thereafter and closely following this litigation, which thus resulted in a separate description being given to this land, this respondent deeded the lots, of which she was the owner, to the appellant without including therein this parcel of land, the title of which had recently been awarded to her in a judgment. It cannot be said, as a matter of law, that respondent's deed does not indicate an intention not to convey the property here in controversy. The question of intent was one of fact for the trial court and we think the evidence is sufficient to sustain the implied finding that there was no intent to convey this

particular land. Under these circumstances the trial court's decision on this question of fact cannot be disturbed.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.