NORTHWESTERN PUBLIC SERVICE COMPANY, Plaintiff

v.

CHICAGO & NORTH WESTERN RAILWAY COMPANY,
Defendant

(210 N.W.2d 158)

(File No. 10964. Opinion filed August 31, 1973)

William S. Churchill, Huron, Woods, Fuller, Schultz & Smith, Sioux Falls, for defendant and appellant.

Loucks, Oviatt, Bradshaw & Green, Watertown, for defendant and respondent.

DOYLE, Justice.

This case has been before this court on a prior occasion. Northwestern Public Service Company v. Chicago and North Western Railway Company and Ellwein, 1969, 84 S.D. 271, 170 N.W.2d 351; rehearing denied October 8, 1969. The facts as set forth in the above cited opinion will not be reiterated here. In accordance with this court's mandate, this action was remitted to the circuit court where the matter came to trial upon amended pleadings. In effect, the case, as amended, is now one on rescission of the agreement between the parties with restoration of the real property to the appellant, Railway Company, and restoration of the monetary consideration to the respondent, Ellwein.

In the trial to the court the evidence consisted of the testimony of Ellwein which, among other matters, indicated that he lived across the street from the premises for many years and was well acquainted with the location and nature of the power lines in question. In addition to the oral testimony of Ellwein, some thirty-seven exhibits were introduced into evidence. These exhibits consisted of the offer to purchase (the pertinent part of which is set forth in our prior opinion), letters from Ellwein to the Railway Company, and inter-department railroad memoranda, which were unknown to Ellwein until after the sale had been consummated. Based upon this evidence the trial court found that the Railway Company had made false representations deliberately as to the rights Ellwein would acquire under the Railway Company's deeds granting him two parcels of land, and that by reason of such false representations, knowingly made, Ellwein had rescinded the transaction and was entitled to recover the purchase price and expenses necessarily incurred as a result of the transaction. From the judgment in favor of Ellwein the Railway Company appeals.

In this court's prior opinion involving this case, it was stated:

"When considered in the light of the license agreement, the existing power line and the meaning of the terms under established law of this state, it is clear that the parties' intentions, as shown by the reservations and exceptions in the deeds executed by the defendant

railway company, was to reserve from the operation of the deeds and retain in the grantor railway company the right to maintain, operate, use, reconstruct and replace the electric transmission line in existence across the lots conveyed. Defendant railway company retaining this right as to the electric transmission line, retained the right to continue the license to the plaintiff. Plaintiff Northwestern Public Service Company, by the exception in the deeds, retained, after the execution of the deeds, the rights which it previously had under the terms of the license agreement with defendant Chicago & Northwestern Railway Company. Defendant Ellwein, having acquired no interest in the subject of the license, could neither receive compensation therefor nor exercise the power of revocation, and his motion for summary judgment should have been denied by the trial court."

It is our conclusion that the evidence obtained at the subsequent trial showed that Ellwein and the Railway Company negotiated the sale and purchase of the parcels in question over a considerable period of time; that the purchase and sale negotiations were both oral and written, as between Ellwein, his attorney and the agents and employees of the Railway Company; that, pursuant to these negotiations, two quit claim deeds were drawn; and that the purchase and sale was ultimately consummated by the payment of the consideration by Ellwein and the delivery of the quit claim deeds by the Railway Company.

█ We are of the opinion that the delivery and acceptance of the above-mentioned quit claim deeds constituted, as between the parties, an agreement in writing within the purview of SDCL 53-8-5, which provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

■■■ The rule is substantive in character and not merely a rule of evidence. Eggers v. Eggers, 1961, 79 S.D. 233, 110 N.W.2d 339. It is also well settled that parol evidence is inadmissible to vary, contradict or add to a contract which has been reduced to a writing that is clear, definite and complete, and in the absence of fraud, mistake or accident, it will be ·presumed that the written agreement expresses the final intention of the parties upon the subject matter of the contract. Thompson v. Dakota Independent Oil Co., 1939, 67 S.D. 27, 288 N.W. 148. In determining the validity of the above presumption, a contract should be considered as a whole and all parts and provisions examined to determine the meaning of any part. Eberle v. McKeown, 1968, 83 S.D. 345, 159 N.W.2d 391. Furthermore, it is a primary rule of construction that the real intention of the parties, particularly that of the grantor, should be sought and carried out whenever possible. Black Hills Power & Light Company v. Schuft, 1972, 86 S.D. 194, 193 N.W.2d 429.

Upon examination of the record it is apparent the deeds constituted an agreement in writing, as between Ellwein and the Railway Company, and the meaning of that agreement is clear and complete, superseding all oral negotiations prior to the delivery of the instruments. Moreover, as stated in our previous opinion, it is clear from the language used in the deeds that the grantor, Railway Company, intended to reserve from the operation of the deeds the power company's right to maintain and use the electric line. There was no evidence offered at the trial that requires a contrary conclusion.

■■■ Ellwein, however, alleged that the Railway Company made false representations in regard to a certain license agreement between Northwestern Public Service Company and the Railway Company. The trial court rightfully admitted parol evidence to allow Ellwein an opportunity to establish fraud as a ground for rescinding the transaction. Such testimony is proper to avoid a contract in toto but not to add to or vary the terms of a written contract. Baker v. Jewell, 1959, 77 S.D. 573, 96 N.W.2d 299. The burden is upon the party seeking rescission to produce evidence which is clear and convincing that the transaction was the result of mistake or fraud. This evidence must clearly and

convincingly establish that there was, either expressly or by a course of conduct, misrepresentation or concealment of material facts. Windedahl v. Harris, 1916, 37 S.D. 7, 156 N.W. 489; Breneman v. Aune, 1950, 73 S.D. 478, 44 N.W.2d 219. Although great weight must be accorded to the findings of the trial judge because of his advantageous position to weigh and evaluate the testimony, we find upon our review of the record, much of which consists of written documents, letters and memoranda, that Ellwein failed to clearly and convincingly establish· any misrepresentations on the part of the Railway Company. In fact, as previously stated, the inter-department memoranda were unknown to Ellwein until after the transaction and, therefore, could not have constituted any representation to him.

We, therefore, hold that there was insufficient evidence to support the findings of the trial court and accordingly reverse with directions to enter judgment in favor of the Chicago & North Western Railway Company.

All the Justices concur.