UNITED STATES of America, acting Through the SMALL BUSINESS ADMINISTRATION, Appellee,

v.

C.E. LIGHT, a/k/a Charles E. Light, Jr., Appellant.

No. 84–2182.

United States Court of Appeals, Eighth Circuit.

Submitted May 3, 1985.
Decided July 5, 1985.

Jerry L. Pollard of Yankton, S.D., for appellant.

R.P. Murley, Asst. U.S. Atty. of Sioux Falls, S.D., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Charles E. Light appeals from the District Court's [1] entry of summary judgment against him in this action brought by the Small Business Administration (SBA) to enforce a guaranty agreement signed by Light. For reversal Light argues that the District Court (1) erred in granting summary judgment when there was an unresolved question of material fact and (2) abused its discretion in granting summary judgment before he had an opportunity to conduct any discovery. We affirm.

On October 14, 1976, Light signed an agreement personally guaranteeing a loan which Thunderbolt Enterprises, Inc. had obtained from the SBA. The principal amount of the loan was $200,000. The last sentence of the agreement stated, "Notwithstanding any other provision of this Guaranty, the liability of the undersigned shall be limited to $20,000.00." Designated Record (D.R.) at 6. The Thunderbolt loan also was secured by certain collateral.

In April 1977, Thunderbolt defaulted on its loan payments. In February 1980, the SBA foreclosed, and sold for $25,000 the collateral that had secured the Thunderbolt loan. The SBA then demanded that Light pay the $20,000 in accordance with the guaranty agreement, but Light refused. Light alleges that the SBA did not apply the $25,000 in proceeds from the sale of the collateral against the loan that the collateral had secured and that he had guaranteed, but that it wrongfully applied the $25,000 against a second, unsecured SBA loan made to Thunderbolt.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

On August 30, 1983, the SBA filed this action against Light to collect on the guaranty. As a defense Light argued that before signing the guaranty, the SBA had agreed that he would be liable for only *the first* $20,000 that the SBA collected in the event of a default and that since the SBA collected $25,000 from the sale of collateral that had secured the loan, his obligation under the guaranty agreement was extinguished. After filing his answer, Light served a request for production of documents on the SBA, and the SBA obtained a protective order from the District Court allowing it not to respond to the request. On June 8, 1984, the SBA filed a motion for summary judgment, arguing that since the written guaranty agreement unequivocally demonstrated that Light's guarantee was not limited to the first $20,000 collected upon default, the parol evidence rule prevented Light from attempting to contradict the terms of the agreement. After Light filed affidavits and a response in opposition to the summary judgment motion and after the District Court held a hearing on the motion, the court, on July 10, 1984, entered summary judgment against Light. This appeal followed.

Light argues that the District Court erred in granting summary judgment against him because there was an unresolved question of material fact: whether the parties had agreed before Light signed the guaranty that he would be liable for only *the first* $20,000 collected in the event of a default. He further argues that for the purpose of reviewing the grant of summary judgment, this Court must assume that the SBA agreed to limit Light's liability in this manner.

■ An appellate court should sustain a grant of summary judgment only when there is "no genuine issue as to any material fact and the ... moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *see also Elbe v. Yankton Independent School District No. 1,* 714 F.2d 848, 850 (8th Cir.1983). Moreover, in reviewing a grant of summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion for summary judgment, giving that party the benefit of all favorable inferences that reasonably may be drawn from the facts. 714 F.2d at 850. However, this does not mean, as Light appears to argue, that when an appellate court reviews the grant of summary judgment in a contract case, it must ignore the effect on the case of the parol evidence rule. If after applying the parol evidence rule there remains no genuine issue of material fact, summary judgment should be rendered for the party entitled to judgment as a matter of law. 6 J. Moore & J. Wicker, *Moore's Federal Practice,* ¶ 56.17[11] (2d ed. 1982). Certainly an appellate court should consider whether the parol evidence rule was properly brought to bear on the case being reviewed, but the court is not required to act as if the parol evidence rule does not exist.

■ Under the parol evidence rule, extrinsic evidence is inadmissible to vary, contradict, or add to a written contract which is unambiguous, and in the absence of fraud, mistake, or accident, the written contract will be viewed as expressing the final intention of the parties upon the subject of the contract. *Northwestern Public Service Co. v. Chicago & North Western Railway,* 87 S.D. 480, 210 N.W.2d 158, 160 (1973). Because Light does not allege fraud, mistake, or accident in signing the guaranty agreement, the critical question here is whether the agreement is unambiguous.

The agreement provides in pertinent part:

[T]he Undersigned hereby unconditionally guarantees to Lender ... the due and punctual payment when due ... of the principal of and interest on ... the note of the Debtor, made by the Debtor to Pierre National Bank dated 3–17–76 in the principal amount of $200,000.00, assigned to the SBA on 9–23–76 with interest at the rate of ten (10) per cent per annum.

... The Undersigned hereby grants to Lender full power, in its uncontrolled discretion and without notice to the un-

dersigned ... to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:

....

(d) *To consent to the* substitution, exchange or *release of all or any part of the collateral....*

(e) *In the event of the nonpayment when due ... of any of the Liabilities, ... to realize on the collateral ... or to forebear from realizing thereon,* all as Lender in its uncontrolled discretion may deem proper....

....

In case the Debtor shall fail to pay all or any part of the Liabilities when due ... the Undersigned ... will pay to Lender the amount due and unpaid by the Debtor.... *Lender shall not be required, prior to any such demand on, or payment by, the Undersigned,* to make any demand upon ... the Debtor or others ... *or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral.*

....

Notwithstanding any other provision of this Guaranty, the liability of the undersigned shall be limited to $20,000.00.

D.R. at 6 (emphasis added).

■ The express terms of the agreement demonstrate that Light agreed to be unconditionally bound to pay $20,000 upon Thunderbolt's default. His liability is not contingent upon how the SBA dealt with the collateral securing the loan. Under the agreement the SBA could have released all the collateral or could have decided not to levy on the collateral, and Light still would have been liable for the $20,000 guaranty. Thus, even assuming that the SBA misapplied the $25,000 it collected from liquidating the collateral, this would not have affected Light's liability under the agreement

to guaranty $20,000 of the principal and interest due on the $200,000 loan.

Light has failed to show that the guaranty agreement is ambiguous or that it suggests in any way that he is liable only for the first $20,000 collected. The parol evidence rule thus applies in this situation and bars him from introducing testimony to contradict the terms of the agreement. After applying the parol evidence rule, there remains no genuine issue of material fact in this case, and the SBA clearly is entitled to judgment as a matter of law. The District Court correctly entered summary judgment against Light.

Light next argues that the District Court abused its discretion in granting summary judgment against him before he had an opportunity to conduct discovery.

■ Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment, does not require trial courts to allow parties to conduct discovery before entering summary judgment. *Brown v. Chaffee,* 612 F.2d 497, 504 (10th Cir.1979). Under Rule 56(a), a motion for summary judgment can be filed *at any time* after twenty days from the commencement of the action or service of the motion on the other party. The party who is faced with a summary judgment motion before he has conducted discovery may, under Rule 56(f),[2] request the court to postpone ruling on the motion until he conducts some discovery. However, as this Court has stated:

Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by dis-

---

**2.** Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse

the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

covery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where ... a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.

*Willmar Poultry Company v. Morton-Norwich Products*, 520 F.2d 289, 297 (8th Cir.1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976).

■ In his affidavit and response in opposition to the motion for summary judgment Light did not meet his burden of showing how postponement of a ruling on the motion would have enabled him to rebut the SBA's showing of the absence of a genuine issue of material fact. Even if Light had been given additional time to conduct discovery and had obtained testimony which appeared to contradict the written guaranty agreement, the parol evidence rule would have barred the introduction of that testimony. The District Court, therefore, did not abuse its discretion in granting summary judgment against Light before he conducted any discovery.

Accordingly, we affirm the District Court's grant of summary judgment against Light.