**Edwin O. PITTMAN, Appellant,**

v.

**Mike GAINES, Vigi Powers, Connie Mayton, Carl Dyer, Johnny Robertson, Dennis Robertson, Dennis Edwards, Henry Oliver, Appellees.**

No. 89–1498.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided June 4, 1990.

Rehearing and Rehearing En Banc Denied July 10, 1990.

Abraham Bogoslavsky, Little Rock, Ark., for appellant.

Joseph Svoboda, Little Rock, Ark., for appellees.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Edwin Pittman appeals from a summary judgment denying his claim, brought under 42 U.S.C. § 1983 (1982), that he was denied due process when he was not paroled. The district court[1] held that no Arkansas statutes created a liberty interest in parole, but that Arkansas Parole Board Regulation 3.09 did create one. However, the court held that Regulation 3.09 applied only to the Board's consideration of Pittman's first parole appearance in 1984. Because Pittman's claim was not brought until 1988, the court held that the claim was barred by the applicable three-year statute of limitations. On appeal, Pittman argues both that the district court entered the summary judgment prematurely and that section 16–93–601 of the Arkansas Statutes creates a liberty interest. We affirm the judgment of the district court.

Pittman was sentenced to life imprisonment in 1969. He appeared before the Arkansas Parole Board in January 1984, January 1985, January 1986, January 1987, and January 1988. Each time, he was denied parole. Claiming that he was arbitrarily denied parole in violation of due process, he brought this action under section 1983 *pro se*. In his complaint, Pittman relied upon our holding, in *Parker v. Cor-*

*rothers,* 750 F.2d 653 (8th Cir.1984), that Board Regulation 3.09 created a liberty interest in parole. The Appellees responded by asserting that Regulation 3.09 was not in force at the time of the suit, that it may not have been in effect when Pittman committed the earliest crimes for which he was imprisoned, and that it applied only to the first time that Pittman was considered for parole.[2] The magistrate[3] did not address most of the Appellee's arguments, because he held that Pittman's claim was barred by the statute of limitations. The district court later adopted the magistrate's findings and recommendations.

Pittman alleges that he has been denied liberty without due process. A threshold question is whether he possesses a liberty interest in parole. The Supreme Court has held that there is no general liberty interest in parole, but that one may be created by state law. *Board of Pardons v. Allen,* 482 U.S. 369, 373–81, 107 S.Ct. 2415, 2418–22, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex,* 442 U.S. 1, 7–16, 99 S.Ct. 2100, 2103–08, 60 L.Ed.2d 668 (1979). As Pittman argues, this court held in *Parker* that Board Regulation 3.09 created a liberty interest. 750 F.2d at 661. The record before us does not contain the text of Regulation 3.09, and we can only presume that the regulation has remained unchanged since it was set forth in *Parker.* The regulation under review in *Parker* applied "[w]henever the [Board] consider[ed] the first release of [an inmate]." *Id.* at 658. In this case, the magistrate concluded, and the district court agreed, that Regulation 3.09 applied only when the Board first considered Pittman for parole. Pittman does not challenge that interpretation of the regulation, and he does not contest the conclusion that the applicable statute of limitations period is three years.

---

1. The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

2. The Appellees have not argued that Pittman's claim is unexhausted. Therefore, even if Pittman's claim is subject to an exhaustion requirement, we have the discretion to decide the is-

sues before us. *See Granberry v. Greer,* 481 U.S. 129, 131–36, 107 S.Ct. 1671, 1673–76, 95 L.Ed.2d 119 (1987).

3. The Honorable Henry L. Jones, Jr., United States Magistrate for the Eastern District of Arkansas.

Rather, Pittman first contends that Arkansas Statute section 16–93–601 creates a liberty interest. In *Parker*, a panel of this court held that Arkansas Statute section 43–2808 (1977), *recodified at* Ark.Stat.Ann. § 16–93–701 (1987), did not produce a liberty interest. Pittman argues that we should revise that holding in light of the Supreme Court's subsequent conclusion in *Allen*, 482 U.S. 369, 107 S.Ct. 2415, that a Montana statute gave rise to a liberty interest. According to Pittman, the language in section 16–93–601 "appears to be the same as the statutes interpreted in *Allen*." (Appellant's brief at 7). That argument is unpersuasive because section 16–93–601 defines only eligibility for parole; section 16–93–701, which establishes the standards governing the Parole Board's decisions, is distinguishable from the statute reviewed in *Allen*. *See Allen*, 482 U.S. at 378–79 n. 10, 107 S.Ct. at 2420–21 n. 10 (citing *Parker v. Corrothers*).

In his complaint, Pittman relied upon only one regulation: 3.09. He now argues that the district court erred by entering a summary judgment before he had an opportunity to examine the Parole Board's Policy Manual to see whether a "currently unknown" regulation generates a liberty interest. (Appellant's brief at 8). However, Pittman did not request a continuance in order to obtain the Parole Board Policy Manual. *See* Fed.R.Civ.P. 56(f). Even when parties have requested a continuance for additional discovery, we have held that trial courts had the discretion to enter a summary judgment without allowing additional discovery if there was no "evidence of what further discovery could produce." *Bettin v. Nelson*, 744 F.2d 53, 58 (8th Cir.1984); *see also United States through Small Bus. Admin. v. Light*, 766 F.2d 394, 397–98 (8th Cir.1985) (per curiam). The district court did not abuse its discretion in this case, because Pittman neither requested a continuance to complete discovery nor indicated what evidence might be obtained through additional discovery.

Accordingly, we affirm the judgment of the district court.