36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Willie Lee AYERS, Appellant,
v.
Jake RONE; Alvin Miller, Appellees.
 No. 94-2067.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 7, 1994.
Filed: September 26, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie Lee Ayers, a Missouri inmate, appeals the district court's[1] grant of summary judgment to the defendants on his 42 U.S.C. Sec. 1983 claim. We affirm.
 
 
 2
 Ayers, who is black, alleged that, while held at the New Madrid County Jail awaiting trial on homicide charges, he was denied contact visits with his wife, also an inmate. Ayers claimed that defendants allowed two white inmates to have contact visits with, respectively, a wife and a girlfriend. Ayers argued this dissimilar treatment violated his equal protection and due process rights.
 
 
 3
 This court reviews de novo a grant of summary judgment and examines the record in the light most favorable to the non-moving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We agree with the district court that Ayers's equal protection claim fails because he did not show that his treatment was invidiously dissimilar from that accorded other similarly situated inmates. See Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam); Burns v. Swenson, 430 F.2d. 771, 778 (8th Cir. 1970), cert. denied, 404 U.S. 1062 (1972). Defendants offered evidence that Ayers was denied contact visits with his wife because his pending homicide charge made him a "high risk" inmate for prison security purposes and because his wife was also an inmate, creating additional security concerns. The security considerations advanced are a well-recognized basis for denying contact visits to pre-trial detainees. See Block v. Rutherford, 468 U.S. 576, 589 (1984) (no liberty interest in contact visits when prison security may be compromised). The two inmates with whom Ayers compares himself were not similarly situated to Ayers. The first inmate was being detained on a less serious charge and his wife was not an inmate. Although the second inmate was allowed contact visits with an inmate girlfriend, both were detained on less serious charges and, in any case, defendants offered evidence they were allowed contact visits only at their attorney's request for translation purposes, because neither spoke English well. Defendants also offered evidence that all inmates similarly situated to Ayers were denied contact visits.
 
 
 4
 Ayers also argues the district court erred by granting summary judgment without allowing him an opportunity to conduct discovery. Under Federal Rule of Civil Procedure 56, the district court was not required to allow Ayers to conduct discovery before entering summary judgment. See United States v. Light, 766 F.2d 394, 397 (8th Cir. 1985) (per curiam). The district court's action is reviewed for an abuse of discretion. See Pittman v. Gaines, 905 F.2d 199, 201 (8th Cir. 1990). We believe the district court did not abuse its discretion because Ayers had sufficient time to conduct discovery and did not ask the district court for additional time. Finally, we deny Ayers's request for oral argument.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri