56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Richard HOPEWELL, Appellant,
v.
William DUNKER, Individually and in his capacity as an
employee of the City of Sioux Falls, South Dakota; Janet
Brekke, Individually and in her capacity as an employee of
the City of Sioux Falls, South Dakota; Midcontinent
Broadcasting Corporation, doing Appeal from the United
States business as Keloland News; District Court for the
Steve Hemmingsen, Individually District of South Dakota. and
in his capacity as an employee or agent of Midcontinent
Broadcasting Corporation; Jessica Armstrong, Individually
and in her capacity as an employee of Midcontinent
Broadcasting Corporation; City of Sioux Falls, South
Dakota, Appellees.
 No. 94-2286
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 23, 1995
Filed: June 5, 1995
 
 Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard Hopewell appeals from the district court's[1] grant of summary judgment to all defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In the fall of 1990, Hopewell, an attorney, was a candidate for state court judge in Sioux Falls, South Dakota. On October 26, several weeks before election day, Jessica Armstrong and Steve Hemmingsen, television news reporters for KELOland News, owned by Midcontinent Broadcasting Corporation (the "media defendants"), aired a story about Hopewell, disclosing the details of Hopewell's arrest on May 28, 1978, on charges that were eventually dropped. Hopewell lost the election. Hopewell brought a state court action for libel against the media defendants, which ended in summary judgment for these defendants.
 
 
 3
 Hopewell then brought the present action, alleging that the media defendants conspired with unidentified City of Sioux Falls employees to disclose his arrest record and that the disclosure denied him equal protection. Hopewell also alleged that defendants Sioux Falls police officer William Dunker, city attorney Janet Brekke, and Midcontinent Broadcasting violated his equal protection rights by disclosing the same information in Hopewell's state libel action; and that both disclosures violated his substantive and procedural due process rights. The district court granted summary judgment, finding no constitutional right of Hopewell's implicated.
 
 
 4
 We review de novo the district court's grant of summary judgment; where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. See Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 114 S. Ct. 807, 811 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n .3 (1979)).
 
 
 5
 Hopewell's equal protection claims fail. First, he did not identify a suspect classification or an infringed fundamental right. See MSM Farms, Inc. v. Spire, 927 F.2d 330, 332 (8th Cir. 1991) (where no suspect class or fundamental right involved, classification is presumed constitutional and subject to only rational basis scrutiny). Second, Hopewell does not explain how he was treated differently from others similarly situated. See Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992) (equal protection plaintiff must show he was similarly situated to others, yet treated differently).
 
 
 6
 As to Hopewell's substantive due process claims, the disclosure of arrest records, such as those disclosed in the present case, ordinarily does not infringe upon any fundamental right to privacy. See Paul v. Davis, 424 U.S. 693, 713 (1976) (declining to establish fundamental privacy right in one's arrest records); Scheetz v. The Morning Call, Inc., 946 F.2d 202, 206 (3rd Cir. 1991). We also find no basis for Hopewell's contention that the South Dakota statutes he cites gave him a liberty interest in the confidentiality of his arrest records, entitled to procedural due process protections. See Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993).
 
 
 7
 The district court did not abuse its discretion in denying Hopewell's Federal Rule of Civil Procedure 56(f) motion for a continuance, as he did not indicate the nature of the discovery he sought or how it would help him. See Humphreys v. Roche Biomedical Lab. Inc., 990 F.2d 1078, 1081 (8th Cir. 1993); United States Through Small Business Admin. v. Light, 766 F.2d 394, 397-98 (8th Cir. 1985) (per curiam). Finally, as Hopewell failed to submit his proposed amended complaint with his motion to amend, the district court did not abuse its discretion in denying Hopewell's motion for leave to file his third amended complaint. See Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985).
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota