# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2337
_____

Kathy Robinson, Individually and as      *
Administrator of the Estate of Robert     *
Lee Robinson, Deceased; Lynda          *
McGruder, Guardian of Kristopher      *
Allen McGruder, a minor,            *

                                  *    Appeal from the United States
        Appellants,           *    District Court for the
                                    *    Eastern District of Arkansas.
      v.                    *
                                    *

Terex Corporation, formerly known as   *
American Hoist, formerly known as     *
Amdura, formerly known as American    *
Crane Corporation,               *
                                    *
        Appellee.            *

_____

Submitted: December 16, 2005
Filed: February 15, 2006
_____

Before WOLLMAN, LAY, and RILEY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Kathy Robinson and Lynda McGruder (collectively, Robinson) appeal the district court's[1] grant of summary judgment in favor of Terex Corp. (Terex). We affirm.

## I.

This case concerns the death of Robert Lee Robinson, Kathy Robinson's husband. Robinson died when a crane collapsed following an ice storm, crushing him. He was employed at the time by Global Material Services, the owner of the crane. On December 10, 2003, Robinson filed this action against Terex. The complaint asserts that Terex or its predecessor was responsible for the manufacture, design, and sale of the crane and was thus liable under strict liability, breach of implied warranties, negligent failure to warn, and negligence in manufacture. Terex has consistently denied any role in the manufacture of the crane in question.

On March 10, 2005, following a period of discovery, the district court entered an order granting Robinson's motion to compel Terex to answer certain interrogatories and to produce certain documents, as well as for an enlargement of time to pursue discovery. The order established April 4, 2005, as the cut-off date for discovery. On March 14, 2005, Terex filed a motion for summary judgment. Robinson responded to the motion on March 25. In this response, Robinson did not request a stay or assert that more discovery was necessary, instead merely stating that genuine issues of material fact remained. The district court granted the motion for summary judgment on April 19, 2005. On appeal, Robinson argues that the district court ruled prematurely on the motion. Robinson also argues that the motion should fail on the merits.

---

[1]The Honorable J. Leon Holmes, now Chief Judge, United States District Court for the Eastern District of Arkansas.

## II.

We review for abuse of discretion a trial court's determination that a claim is ripe for summary judgment. Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc., 162 F.3d 991, 996 (8th Cir. 1998). We review *de novo* the district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005). Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Aviation Charter, 416 F.3d at 868. Where the moving party has advanced a prima facie case, a successful summary judgment defense requires that the nonmoving party demonstrate that at trial it may be able to put on admissible evidence proving its allegations. JRT, Inc. v. TCBY Sys., Inc., 52 F.3d 734, 737 (8th Cir. 1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)). We review *de novo* the district court's interpretation of Arkansas law. David v. Tanksley, 218 F.3d 928, 930 (8th Cir. 2000).

## A.

Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery. Pony Computer, 162 F.3d at 996. The nonmoving party must make a showing, however, that discovery has been inadequate. Id. Rule 56(f) allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(f); Small Bus. Admin. v. Light, 766 F.2d 394, 397-98 (8th Cir. 1985). The entry of summary judgment does not constitute an abuse of discretion in the absence of a request for a delay for the purpose of conducting additional discovery. In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig., 113

F.3d 1484, 1491 (8th Cir. 1997). Accordingly, because Robinson made no request for a delay, nor any showing that a delay was justified, the district court did not abuse its discretion in ruling on the summary judgment motion when it did.

**B.**

Robinson also argues that the district court erred in granting summary judgment on the merits because genuine issues of material fact remained as to Terex's liability for the accident. There exist three separate business entities that are relevant to an understanding of the potential theories for holding Terex responsible. Terex contends that American Hoist and Derrick Co. (American Hoist) was the actual manufacturer of the crane, which Terex says was manufactured in 1968. American Hoist changed its name to Amdura Corp. in 1989. It continues to operate under that name, completely independent of Terex. American Crane Corp. (American Crane) was incorporated in 1987, and it purchased some assets of American Hoist's Mobile Crane Division. In 1998, Terex purchased the stock of American Crane, which is now a subsidiary corporation of Terex. Since the 1987 asset purchase, American Crane has supported products previously manufactured by American Hoist by supplying spare parts, including operator's manuals.

The parties dispute the identity of the original manufacturer of the crane. Terex submitted an affidavit from Norman Hargreaves, its director of product safety, averring that American Hoist manufactured the crane in 1968. Hargreaves produced a purchase order in support of this assertion. Robinson, however, presented an affidavit from Gary Friend, a professional engineer who inspected the crane and documents relating thereto, attesting to his belief that American Crane manufactured the crane.

Robinson argues that there is a genuine question of material fact regarding Terex's liability for the manufacture, design, and sale of the crane. Robinson has, at

best, presented evidence that American Crane may have manufactured the crane. Even if this is true, Robinson has failed to present a cognizable legal theory that would support a finding of liability against Terex. American Crane is a subsidiary of Terex. A parent corporation is generally not liable for the debts of its subsidiaries, and the doctrine of piercing the fiction of corporate identity should be applied with great caution. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 649 (8th Cir. 2003) (applying Arkansas law). Separate corporate entities should be disregarded only when there is some abuse of the privilege to operate as separate corporations to the detriment of a third party. Id. Robinson has made no such showing here. Accordingly, even if Robinson had presented evidence sufficient to create a genuine issue regarding American Crane's liability for the manufacture, design, or sale of the crane, no genuine issue has been presented regarding Terex's liability.

At oral argument, Robinson's counsel argued that the failure-to-warn claim in the complaint applied to Terex even if there is no subsidiary liability. Hargreaves' supplemental affidavit, however, asserts that American Crane, not Terex, provided the operator's manual. Robinson has pointed out no evidence suggesting that Terex itself provided those manuals, and thus no genuine issue of material fact has been presented regarding Terex's liability for a failure to warn.

The judgment is affirmed.

_____