Nathan Greenberg, Boston, Mass., for plaintiff.

Bingham, Dana & Gould, H. B. Zobel, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of tort in which jurisdiction of this Court is invoked on the basis of diversity of citizenship. Plaintiff is a resident of the Commonwealth of Massachusetts; defendant is alleged to be a citizen of a foreign country. The amount in issue, exclusive of interest and costs, is alleged to be in excess of $10,000.

In his complaint the plaintiff states that he was in the employ of the Bay State Stevedoring Company in the capacity of a longshoreman; that his employer made a contract to perform stevedoring services aboard the vessel NEWFOUNDLAND, which was owned, operated, managed, and controlled by defendant; that on January 9, 1959, in the course of his employment he was aboard the NEWFOUNDLAND which was moored at Commonwealth Pier, South Boston; that while engaged with other

Joseph **JUDGE**, Plaintiff,

v.

**JOHNSTON WARREN LINES, LTD.,**
**Defendant.**

**Civ. A. No. 61–933–C.**

United States District Court
D. Massachusetts.

June 4, 1962.

longshoremen in securing a "save-all" to the vessel he suffered severe personal injuries; and that his injuries were caused (1) by the negligence of defendant, and (2) by defendant's failure to provide him with a seaworthy vessel.

Defendant filed a motion to dismiss the complaint based on the ground that the complaint shows on its face that it was not brought within the applicable statute of limitations. Defendant contends that the proper time limitation on a right asserted by a longshoreman under maritime law in an action brought on the law side of the court is to be determined by the application of the admiralty doctrine of laches, citing Oroz v. American President Lines, Ltd., 259 F.2d 636 (2 Cir. 1958), and Murphy v. International Freighting Corp., Inc. and A/S Sobral, 182 F.Supp. 636 (D.Mass.1960), aff'd. Murphy v. A/S Sobral, 283 F.2d 392 (1 Cir. 1960). Defendant further says that in deciding whether a maritime claim is barred by laches, courts of admiralty use local limitation statutes as a "rule-of-thumb" to determine the presence or absence of prejudice and inexcusable delay. The "local" statute of limitations for actions of tort for personal injury is two years. Mass.G.L.C. 260, sec. 2A.

Defendant further argues that where a complaint shows on its face that the local statute has already run, it is incumbent upon the plaintiff to plead and prove facts that either negative laches or toll the statute. Wilson v. Northwest Marine Iron Works, 212 F.2d 510 (9 Cir. 1954). No such facts are alleged herein by plaintiff.

Plaintiff concedes the applicability of the doctrine of laches, but argues that it is to be determined by consideration of the three-year statute of limitations contained in the Jones Act rather than by considering the local two-year statute of limitations. The plaintiff in Murphy v. A/S Sobral, supra, urged the same argument upon the Court, but since that case was filed more than 36 months after the cause of action therein arose, Judge Ford found it unnecessary to decide whether the three-year Jones Act statute of limitations or the two-year Massachusetts statute of limitations should be looked to in deciding whether or not the plaintiff had been guilty of laches and ruled that plaintiff was time-barred by the application of either test.

There are two important factual differences between the instant case and the Murphy case. In the instant case the action was commenced more than two but less than three years after the accident, and this accident occurred on the dock, not on the vessel. This second fact was expressly agreed to at the oral argument of the motion by counsel for both plaintiff and defendant, despite an allegation in the complaint that the accident occurred on the vessel.

In deciding the question of laches, Judge Ford took into consideration the expiration of the local two-year period of limitations and followed the holding of Wilson v. Northwest Marine Iron Works, supra, to the effect that a plaintiff's failure to bring his action within the local statutory period creates a presumption that he has delayed without excuse and that defendant has been prejudiced thereby. An examination of the record in this case shows that it is barren of any allegation or proof by plaintiff tending to rebut this presumption. At the hearing, counsel for plaintiff indicated that he delayed filing this case until ten months after plaintiff had exhausted his compensation remedies in order to avoid any possible prejudice to those rights. From this it might possibly be inferred that plaintiff had consulted counsel some time prior to the expiration of the two-year statute of limitations. Even if this assumption be indulged in, in favor of plaintiff, it avails him naught, for the Court of Appeals for this Circuit in an opinion handed down April 11, 1962 in Waterman Steamship Co. v. Gutierrez, 1 Cir., 301 F.2d 415, pointed out that "(consulting) counsel within the statutory period * * * has never been regarded as extenuation." The Court also pointed out that absence of excuse "is not fatal if there has been no actual prejudice * * * we think that such lack of preju-

dice has been shown only in part." While the Court did not expressly address itself to the location of burden of proof on the issue of prejudice, this language clearly implies that the burden of showing lack of prejudice rests on plaintiff.

■ Plaintiff's argument to the effect that the Court should not use the local statute but should, instead, use the three-year limitation period provided in the Jones Act, is based primarily on the opinion of Judge Wright in the case of Daniels v. States Marine Corp. of Delaware, 184 F.Supp. 815 (E.D.La.1960). Suffice it to say that a reading of Judge Wright's opinion in that case clearly shows that he relied heavily upon the fact that Daniels was injured aboard-ship while doing crew-type work. For that reason Judge Wright expressed the opinion that it would be anomalous not to extend to Daniels the same limitation period available to crew members. This fact is not operative in the instant case, since plaintiff herein was injured on the dock. Without questioning the soundness of Judge Wright's reasoning as to the rights of longshoremen injured aboard-ship, it should be noted that the Supreme Court has indicated that longshoremen injured aboard vessels are to be treated differently from longshoremen injured shoreside. Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). Therefore, this action must be held to be barred by laches because of plaintiff's unexplained failure to commence it within the two-year period provided by Mass. G.L. c. 260, Sec. 2A, and because of plaintiff's failure to produce any evidence tending to rebut the presumption of prejudice to the defendant from this delay.

■ At the oral argument of defendant's motion both counsel stated it to be the fact that plaintiff was injured ashore, and counsel for plaintiff made a statement regarding the cause of the delay in bringing this action, which apparently exhausted anything plaintiff had to offer on this subject. Because of these departures

from the four corners of the complaint, the Court treats defendant's motion to dismiss, filed under Rule 12(b), as a motion for summary judgment filed under Rule 56, 28 U.S.C.A., rather than as a motion to dismiss.

Motion for summary judgment allowed. Judgment for defendant.