18 F.3d 610
 John KAUFMAN, Appellant,
v.
ST. LOUIS S.I. LTD., an Ohio Limited Partnership; Willis M.
McFarlane, Partner; Thomas M. Cristal, Partner; R.A.
Files, Partner; Frates Properties, Partner; Robert L.
Soltz, Partner; St. Louis S.I. Ltd., a Missouri General
Partnership; Investment Hotel Properties, Ltd., doing
business and registered as a fictitious name in Missouri;
Gerald Tockman; A-F Property Partnership; The Clarion
Hotel Corporation; AIRCOA Equity Interests, Inc., a
Colorado corporation; Investment Hotel Properties, Ltd., a
Colorado Limited Partnership; William Seldon, Appellees.
 No. 93-1647.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 8, 1993.
Decided March 11, 1994.
 
 Before HANSEN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and MELLOY,** District Judge.
 JOHN R. GIBSON, Senior Circuit Judge.
 
 
 1
 In this diversity case, John Kaufman sues various entities associated with the hotel where he worked to recover damages for an on-the-job injury over and above his worker's compensation settlement. The district court[1] entered summary judgment in favor of all the defendants who moved for dismissal[2] (and filed affidavits in support, see Fed.R.Civ.P. 12(b)), and dismissed the remaining defendants[3] sua sponte. Kaufman v. St. Louis S.I., Ltd., No. 88-2024C(6) (E.D.Mo. Jan. 4, 1993). Kaufman appeals, arguing that he is entitled to conduct more discovery on the identity of the various defendants, to ascertain whether any of them is liable. We affirm as to those defendants who filed motions and affidavits and reverse as to those defendants who filed no motion or affidavit.
 
 
 2
 Kaufman slipped and fell while working at his job as laundry runner and security man at Stouffer's Riverfront Towers, a St. Louis hotel, on October 19, 1983. Kaufman filed a worker's compensation claim listing as his employers: "Stouffer's Riverfront Towers/Stouffer's Inn, Ltd./Clarion Hotel St. Louis/Associated Inns and Restaurant Company of America/AIRCOA." Kaufman settled his claim and received payment from "Stouffer's Riverfront Towers/Stouffer's Inn, Ltd." and an insurance company. Kaufman brought this suit seeking tort recovery for the accident from various entities whom he alleged had some responsibility for the condition of the hotel but who were not his employer.[4]
 
 
 3
 Various defendants moved to dismiss Kaufman's suit and filed affidavits in support of their motions, thus permitting the court to treat their filings as summary judgment motions. See Fed.R.Civ.P. 12(b). We consider these several motions in turn.
 
 
 4
 The first group of defendants was St. Louis S.I., Ltd., an Ohio limited partnership, and five of its partners. St. Louis S.I., Ltd. filed an affidavit averring that it was Kaufman's statutory employer. According to the affidavit, "St. Louis S.I., Ltd. and Stouffers Riverfront Inn are not separate entities; they are one in [sic] the same." Kaufman has not presented any evidence controverting this affidavit other than evidence that his employer also used other, similar names, such as "Stouffer's Riverfront Towers." This does not discredit the assertion that St. Louis S.I., Ltd. and his employer are the same entity. Kaufman expressly admits that he was "employed with Stouffers Riverfront Inn." It follows that Kaufman's exclusive remedy against St. Louis S.I., Ltd. was his Missouri worker's compensation claim. It also follows that Willis M. McFarlane, Thomas M. Cristal, R.A. Files, Robert L. Soltz and Frates Properties, who are named only in their capacity as partners in the firm of St. Louis S.I., Ltd., an Ohio limited partnership, are not subject to tort liability. Scott v. Edwards Transp. Co., 807 S.W.2d 75, 80 (Mo. banc 1991). As to this first group of defendants, Kaufman has raised no issue of material fact and the district court did not err in entering summary judgment for the defendants. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
 
 
 5
 The next defendant, Investment Hotel Properties, Ltd., presented an affidavit averring that it had no interest in the hotel, or in its operation or maintenance until December 27, 1984, after the date of the accident. Since Kaufman presented no contrary evidence, the district court correctly entered summary judgment in favor of Investment Hotel Properties, Ltd.
 
 
 6
 St. Louis S.I. Ltd. presented uncontroverted evidence that the next named defendant, "Saint Louis S.I., Ltd., a Missouri General Partnership," did not exist. Accordingly, there was no error in the entry of summary judgment in its favor.
 
 
 7
 Kaufman argues that it was error to treat the defendants' Rule 12(b)(6) motion as a summary judgment motion without permitting him to respond. The record does not substantiate this argument, since Kaufman responded as if to summary judgment motion by filing numerous exhibits.
 
 
 8
 Finally, we reach the three defendants who made no motion to dismiss, "The Clarion Hotel Corporation," "AIRCOA Equity Interests, Inc." and "A.F. Property Partnership." Though there is no evidence in the record showing these entities are liable to Kaufman, still no defect appears on the face of the pleadings so as to warrant dismissal, and it would not have been proper for the district court to enter summary judgment sua sponte without giving Kaufman notice and a chance to respond. See Celotex, 477 U.S. at 326, 106 S.Ct. at 2554; Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir.1992); Marshall v. Local Union No. 6, 960 F.2d 1360, 1368 (8th Cir.1992). We therefore reverse and remand as to these three defendants.
 
 
 
 *
 The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed
 
 
 **
 The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Those defendants are: St. Louis S.I., Ltd., an Ohio Limited Partnership; Willis McFarlane; Thomas M. Cristal; R.A. Files; Frates Properties; Robert L. Soltz; St. Louis S.I., Ltd., a Missouri General Partnership; and Investment Hotel Properties, Ltd
 
 
 [3]
 Those defendants are: A-F Property Partnership; The Clarion Hotel Corporation; AIRCOA Equity Interests, Inc.; Gerald Tockman; and William Seldon. Though Tockman and Seldon appear to have been dismissed by the district court's order, Kaufman makes no objection to their dismissal in his brief, and our order does not pertain to them
 
 
 [4]
 Kaufman's remedy against any entity determined to be his employer is limited to recovery under the worker's compensation laws. See Mo.Rev.Stat. Sec. 287.120(2) (Cum.Supp.1992)