**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

and

**Carolyn Penny Lewis and Joyce Gitch, Intervening Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORP., d/b/a Fort Dodge Animal Health, Defendant.**

No. C 00–3079–MWB.

United States District Court, N.D. Iowa, Central Division.

April 4, 2001.

---

Jean P. Kemp, Milwaukee, WI, Laurie Vasichek, Minneapolis, MN, for E.E.O.C.

Jeane W. Pearson, Price & Pearson, Fort Dodge, IA, for Penny Lewis and Joyce Gitch.

Neven J. Mulholland, Johnson, Erb, Bice, Kramer, Good & Mulholland, P.C., Fort Dodge, IA, Mark S. Dichter, Morgan, Lewis & Bockius, L.L.P., Philadelphia, PA, for Home Products.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 623

II. LEGAL ANALYSIS ..............................................................625
 A. "Conversion" Of A Motion To Dismiss ................................625
 1. Applicable standards .........................................625
 2. Does Home Products' motion require conversion? ...............629
 3. Is further notice and supplementation required? .............629
 B. The EEOC's Request For A Rule 56(f) Continuance ...................630
 1. Requirements for the motion to continue .....................630
 2. Have the requirements been met? .............................632
 3. Effect of inadequate notice of conversion on the Rule 56(f) motion .....632

III. CONCLUSION ................................................................633

One of the most unique features of the American legal system is the historic and continued emphasis on process as well as substance. Thus, in our system, justice must not only be done, but be seen to be done—it is not enough that the result is "right" if the process to arrive at that result is not "fair." Perhaps more than any other characteristic, this abiding concern for process separates our legal system from the systems in most of the other nations around the world. In this case, what started out as consideration of a straightforward Motion for Partial Dismissal raising serious and probing legal questions has now morphed into consideration of questions of process that must be resolved before the serious merits of the motion can be addressed.

## I. PROCEDURAL BACKGROUND

In this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Equal Employment Opportunity Commission (EEOC) seeks "to correct" unlawful sexual harassment and retaliation by defendant American Home Products Corporation, doing business as Fort Dodge Animal Health (Home Products), and "to make whole" five individuals who have allegedly suffered from such unlawful employment practices. The EEOC asserts sexual harassment claims on behalf of Patty L. Parker, Amy Kolacia, and Carolyn Penny Lewis, and retaliation claims on behalf of Parker, Craig Wood, and Joyce Gitch. Lewis and Gitch have intervened in the action to assert their own claims, pursuant to Title VII and Iowa common law, against Home Products.

This matter comes before the court pursuant to the December 6, 2000, motion by defendant Home Products for partial dismissal of the EEOC's complaint as to claims for relief for Craig Wood and Joyce Gitch. Home Products contends that these two individuals have released Home Products from all of their individual claims for relief, so that the EEOC cannot now recover on their claims on their behalf. Home Products argues further that relief on Mr. Wood's claims is subject to issue preclusion as the result of a judgment, in an action for declaratory and other relief brought by Mr. Wood in Iowa District Court, upholding the validity of his release and denying rescission of that agreement. The EEOC and the intervening plaintiffs separately resisted the motion to dismiss and Home Products filed separate replies to their resistances.[1]

The court heard oral arguments on Home Products' motion for partial dismissal on March 27, 2001. The EEOC was represented by Jean P. Kamp, Regional Attorney, from the EEOC's Milwaukee District Office in Milwaukee, Wisconsin, who argued the motion, and Laurie Vasichek, Trial Attorney, from the EEOC's Minneapolis Area Office in Minneapolis, Minnesota. Intervening plaintiffs Carolyn Penny Lewis and Joyce Gitch were represented by Jeane W. Pearson of Price & Pearson in Fort Dodge, Iowa. Defendant Home Products was represented by Neven J. Mulholland of Johnson, Erb, Bice, Kramer, Good & Mulholland, P.C., in Fort Dodge, Iowa, and Mark S. Dichter of Morgan, Lewis & Bockius, L.L.P., in Philadelphia, Pennsylvania. The briefs of the parties

---

1. Home Products has never separately moved to dismiss Gitch's claims on her own behalf as asserted in her Complaint in Intervention. Instead, in its answer to the Complaint in Intervention, Home Products raised Gitch's release as an affirmative defense.

were especially well-crafted and the oral arguments were spirited and very informative.

In the course of those oral arguments, Home Products argued, *inter alia*, that, because it had attached various documents to its motion to dismiss, the motion was "automatically" converted into a motion for summary judgment. Home Products argued further that the EEOC's response had failed to generate genuine issues of material fact that would preclude summary judgment in Home Products' favor on Home Products' contentions that Wood's and Gitch's releases are valid and that issue preclusion bars relitigation of the scope and validity of Wood's release. The EEOC responded, in part, that it had been the first party to suggest that Home Products' "Motion for Partial Dismissal" should more properly be treated as a motion for summary judgment, by raising the issue in its resistance brief, with the caveat that discovery should be permitted pursuant to Rule 56(f) before the court ruled on the motion as a motion for summary judgment. The EEOC contended that only in its reply brief had Home Products adopted the EEOC's position that the motion should be treated as one for summary judgment, thus preventing the EEOC from offering any substantive affidavits that could generate genuine issues of material fact on pertinent issues. The EEOC argued that it "had been had" by Home Products' assertion of a motion denominated as a motion to dismiss, to which the EEOC had responded appropriately, followed by Home Products' attack upon the EEOC's response on the ground that the response did not satisfy the requirements to defeat a motion for summary judgment. In reply, Home Products argued that permitting any discovery or further delay in disposition of its motion to dismiss would vitiate the very purposes of the releases signed by Wood and Gitch, that the releases are valid on their faces, and that the EEOC's counsel's declaration in support of a Rule 56(f) continuance failed to demonstrate that any evidence might exist to support a claim that the releases are invalid.

In its "Motion For Partial Dismissal Of Plaintiff's Complaint," Home Products relied on several exhibits attached to its supporting memorandum. The exhibits attached to the memorandum include, as Exhibit A, a January 12, 1999, letter from Home Products to Mr. Wood outlining the terms of an enhanced separation package; as Exhibit B, a "General Release" signed by Mr. Wood and dated January 14, 1999; as Exhibit C, a February 15, 1999, letter from Home Products to Ms. Gitch outlining the terms of an enhanced separation package; as Exhibit D, a "General Release" signed by Ms. Gitch and dated February 17, 1999; as Exhibit E, Mr. Wood's First Amended Petition For Declaratory Judgment, Decree And Other Relief in his action in Iowa District Court for Webster County; and, as Exhibit F, an Order, Judgment, And Decree in Mr. Wood's state-court action, dated December 30, 2000. None of these documents was attached to or mentioned in the EEOC's Complaint.

In its Memorandum In Opposition To Defendant's Motion For Partial Dismissal Of Plaintiff's Complaint, the EEOC argued as follows:

> [Home Products] has filed a Motion for Partial Dismissal of the Complaint, without specifying whether the Motion is brought pursuant to Rule 12(b)(6). Indeed, it cannot and does not argue that the allegations do not state a claim for violation of Title VII which would entitle EEOC to relief. Despite its Motion for Partial Dismissal, [Home Products] has, in fact, filed an Answer and Affirmative Defenses to the allegations of the Complaint. EEOC therefore submits that the Motion should be treated as one for partial summary judgment with respect to [Home Products'] Affirmative Defenses 1 (release) and 2 (issue preclusion), in accord with Fed. R.Civ.P. 12(b), and that the Motion should be denied pending discovery, in accord with Rule 56(f).

Plaintiff EEOC's Memorandum In Opposition To Defendant's Motion For Partial Dismissal Of Plaintiff's Complaint (EEOC's Resistance Brief) at 2. Thus, the EEOC was the first party to raise the issue of whether or not Home Products' motion to dismiss should properly be treated as a motion for summary judgment.

However, the EEOC also asserted that, if the motion was treated as one for summary judgment, some discovery was required before the EEOC could properly resist the motion. In addition to the assertion in the body of its resistance brief, quoted above, that Home Products' "motion should be denied pending discovery, in accord with Rule 56(f)," the EEOC made the following additional statements in a footnote:

> Because [Home Products] has brought its Motion under Rule 12, and has not submitted any Statement of Undisputed Facts pursuant to Rule 56, EEOC states the facts which it expects to prove, rather than those which it can presently support from the record of discovery. A Declaration, in accord with Rule 56(f) is attached to this Memorandum as Exhibit A.

*Id.* at 2 n. 1. The EEOC's Declaration in support of a continuance pursuant to Rule 56(f), after identifying the declarant as an attorney representing the EEOC, avers the following:

2 No discovery has yet been had in the case.

3 I believe that the evidence developed during discovery will demonstrate:

 a. That Wood and Gitch were terminated in retaliation for their opposition to Dave Hanlon's sexual harassment of female employees at [Home Products].

 b. That the releases signed by Wood and by Gitch were not knowing and voluntary.

Declaration of Jean P. Kamp, 1–2.

In its reply to the EEOC's resistance, Home Products argued that its Motion for Partial Dismissal "should be granted pursuant to Rule 56 of the Federal Rules of Civil Procedure." Defendant's Reply Memorandum In Further Support Of Its Motion For Partial Dismissal Of Plaintiff's Complaint (Home Products' Reply To EEOC's Resistance) at 2. Home Products contended further, "Defendant filed its Motion for Partial Dismissal together with several attachments. Under Rule 12(b), such a motion may be treated as one for summary judgment and disposed of as provided in Rule 56." *Id.* at 2

n. 1. Home Products then identified the standards for summary judgment and argued the application of those standards to the record and the EEOC's response, contending that summary judgment in Home Products' favor was appropriate, without discovery or further delay. Thus, Home Products has now adopted the EEOC's view that its motion to dismiss should be resolved according to summary judgment standards, but disputes the EEOC's contention that any discovery is necessary before the court resolves the motion according to those summary judgment standards.

In the alternative to its contention that summary judgment should be entered without discovery or further delay, Home Products argued that any discovery permitted pursuant to Rule 56(f) should be limited to discovery of the validity of Gitch's release. Otherwise, Home Products argued, Home Products would be deprived completely of the benefit of its bargain to grant enhanced separation benefits to Wood and Gitch in return for their releases. Implicit in this contention is an assertion that issue preclusion bars the EEOC's contention that Wood's release is invalid, so that no further discovery on that issue is necessary or appropriate.

Before considering the merits of Home Products' Motion for Partial Dismissal, the court finds that there are two preliminary issues that must be resolved. The first issue is whether or not Home Products' motion has been—or should be—"converted" into a motion for partial summary judgment. The second issue is whether or not the EEOC's response to Home Products' motion, assuming that motion should be treated as a motion for summary judgment, was sufficient to satisfy the requirements of Rule 56(f) for a continuance to permit some discovery before ruling on the motion.

## II. LEGAL ANALYSIS

### A. *"Conversion" Of A Motion To Dismiss*

#### 1. *Applicable standards*

Rule 12(b) of the Federal Rules of Civil Procedure provides for conversion of a motion to dismiss into a motion for summary judgment, as follows:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(b). As this court has explained,

[W]here on a Rule 12(b)(6) motion to dismiss "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b)(6); *see also Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 & n. 3 (8th Cir.1996) (because the district court relied on matters outside the complaint in ruling on a Rule 12(b)(6) motion, "the district court had to treat the [defendant's] motion to dismiss as a motion for summary judgment and apply the relevant standards for summary judgment," and further noting that "[t]he standards for dismissing a complaint under Rule 12(b)(6) are substantially different" from those applicable to a Rule 56 summary judgment motion; therefore it was inappropriate for the district court to fail to specify whether it was disposing of an issue according to summary judgment or Rule 12(b)(6) standards). Even where matters outside of the pleadings are presented to the court, however, a motion to dismiss is not converted into a motion for summary judgment "where the district court's order makes clear that the judge ruled only on the motion to dismiss." *Skyberg v. United Food and Commercial Workers Int'l Union, AFL–CIO*, 5 F.3d 297, 302 n. 2 (8th Cir.1993). Where the district court has made the posture of its disposition clear, the appellate court will "treat the case as being in that posture." *Id.*

*Sophapmysay v. City of Sergeant Bluff*, 126 F.Supp.2d 1180, 1186 n. 4 (N.D.Iowa 2000). This court has also applied these standards for conversion in a number of decisions, with varying results based on circumstances of the individual cases. The most recent of these decisions include the following: *Sophapmysay*, 126 F.Supp.2d at 1186 n. 4 (noting the possibility of such a "conversion," and identifying the applicable standards, but finding that no other materials had been offered in support of the motion to dismiss in that case, so that the motion would be disposed of only according to the standards applicable to Rule 12(b)(6) motions); *Salcido v. Woodbury County, Iowa*, 66 F.Supp.2d 1035, 1052 & n. 5 (N.D.Iowa 1999) (noting the applicable standards, but finding that the court had only made reasonable assumptions that were no more based on consideration of facts outside the record than were the plaintiff's assertions, so that dismissal of the plaintiff's equal protection claim was appropriate, even in the absence of an opportunity for the plaintiff to develop the record); *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 23 F.Supp.2d 974, 1000–01 (N.D.Iowa 1998) (finding that it was not necessary to "convert" the defendant's motion, because the defendant had couched its motion to dismiss, in the alternative, in terms of a motion for summary judgment, thus providing the opposing party with notice that the court was being asked to adjudicate the matters presented according to summary judgment standards and noting further that the opposing party had responded in kind by arguing for denial of the motion according to summary judgment standards); *Terra Indus., Inc. v. Commonwealth Ins. of Am.*, 990 F.Supp. 679, 682 n. 3 (N.D.Iowa 1997) (articulating the applicable standards, but finding the parties had not submitted any matters outside of the pleadings, so that only motion to dismiss standards were applicable); *Leiberkneckt v. Bridgestone/Firestone, Inc.*, 980 F.Supp. 300, 302 n. 2 (N.D.Iowa 1997) (same); *Doe v. Hartz*, 970 F.Supp. 1375, 1385 n. 16 (N.D.Iowa 1997) (concluding that "conversion" was not necessary, because the only materials outside of the pleadings offered in that case in support of or resistance to the motion to dismiss were documentation of hearings and reports before Congress and authorities not readily available to the court, rather than documentary or other evidence),

*rev'd in part, vacated in part, on other grounds,* 134 F.3d 1339 (8th Cir.1998); *Lockhart v. Cedar Rapids Community Sch. Dist.,* 963 F.Supp. 805, 812–13 (N.D.Iowa 1997) (resolving a motion to dismiss according to summary judgment standards, because both parties had submitted materials outside of the pleadings, which they anticipated would be considered by the court in resolving the motion to dismiss, and the court had given the parties notice and a reasonable opportunity to present all material made pertinent to a motion for summary judgment by Rule 56); *Kane v. Iowa Dep't of Human Servs.,* 955 F.Supp. 1117, 1121 n. 1 (N.D.Iowa 1997) (concluding that disposition of the alternative motion for summary judgment would moot the motion to dismiss and that disposition of the motion to dismiss on the basis of the court's disposition of the motion for summary judgment was appropriate where the two motions raised identical issues).

The Eighth Circuit Court of Appeals has also considered whether a variety of circumstances require conversion of motions to dismiss into motions for summary judgment:

> This court reviews a district court's decision to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment for abuse of discretion. *See, e.g., Kehs v. Foster,* 16 F.3d 1227 (8th Cir.) *(per curiam )* (table), *cert. denied,* 511 U.S. 1107, 114 S.Ct. 2101, 128 L.Ed.2d 663 (1994).... Rule 12(b)(6) itself provides that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Our court has interpreted the phrase "matters outside the pleadings" to include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992) (citation omitted). Statements of counsel at oral argument raising new facts not alleged in the pleadings constitute "matters outside the pleadings" and, if considered by the district court, require treatment of

a Rule 12(b)(6) motion to dismiss as one for summary judgment. *See, e.g., Smith v. Local No. 25, Sheet Metal Workers International Ass'n,* 500 F.2d 741, 744 (5th Cir.1974) (treating a Rule 12(b)(6) dismissal order as automatically converted into summary judgment because district court relied on materials outside the pleadings, including oral argument); *Judge v. Johnston Warren Lines, Inc. [Ltd.],* 205 F.Supp. 700, 702 (D.Mass.1962) (holding that a Rule 12(b)(6) motion to dismiss should be treated as a motion for summary judgment when plaintiff's counsel relied upon facts outside the four corners of the complaint during oral argument of the motion).

*Hamm v. Rhone–Poulenc Rorer Pharms., Inc.* 187 F.3d 941, 948 (8th Cir.1999), *cert. denied,* 528 U.S. 1117, 120 S.Ct. 937, 145 L.Ed.2d 815 (2000).

██ In *Hamm* and other decisions, the Eighth Circuit Court of Appeals has also considered when conversion is required and when further notice, beyond the movant's reliance upon facts and evidence outside of the pleadings, is required before the court may consider a motion to dismiss "converted" and resolve it pursuant to summary judgment standards. No conversion at all is required where "the plaintiffs' claims are based solely on the interpretation of the documents [submitted] and the parties do not dispute the actual contents of the documents." *Jenisio v. Ozark Airlines, Inc., Retirement Plan,* 187 F.3d 970, 972 n. 3 (8th Cir.1999) (citing *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997)). Nor is a motion to dismiss automatically converted into one for summary judgment "simply because one party submits additional matters in support of or opposition to the motion," because "[s]ome materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.1999), *cert. denied,* 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999).[2]

---

**2.** The court may also consider matters outside of the pleadings on a motion to dismiss pursuant to

■ However, conversion may take place without further notice if the *nonmovant* either is the first to submit extrinsic evidence, *Hamm,* 187 F.3d at 949, or responds in kind to the movant's submissions with evidentiary material of its own. *See Kaufman v. St. Louis S.I. Ltd.,* 18 F.3d 610, 612 (8th Cir. 1994). In a still more recent decision, the Eighth Circuit Court of Appeals focused on the adequacy of the opportunity given to the parties to make a full presentation of pertinent materials, even where the motion was not expressly converted into a summary judgment motion:

> In the present case, matters outside the pleadings related to response costs were presented to, and not excluded by, the district court. Accordingly, [the defendant's] motion to dismiss not only should have been treated initially as a motion under Fed.R.Civ.P. 12(b)(6), but also should have been converted to a summary judgment matter under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b). Even though the district court did not follow the correct procedural path, the district court nevertheless provided the parties with a full opportunity to present all pertinent materials outside the pleadings regarding the issue of response costs, and the parties created a complete record on the issue. We therefore may now proceed to the summary judgment question, even though the district court did not.

*Trimble v. Asarco, Inc.,* 232 F.3d 946, 955 (8th Cir.2000). This decision strongly suggests that, in pertinent circumstances, conversion of a motion to dismiss into a motion for summary judgment is, as Home Products suggests, "automatic." However, it also suggests that the proper procedure is for the district court expressly to "convert" a motion to dismiss into one for summary judgment. *See id.* (concluding that the district court had not followed the proper procedure, because it had not converted the motion). However, the decision also suggests that whether or not application of summary judgment standards is appropriate ultimately depends upon whether the parties were provided with ade-

quate opportunity to address the merits of the motion according to summary judgment standards. *See id.* (holding that appellate review under summary judgment standards was appropriate where the district court, despite its procedural error, "provided the parties with a full opportunity to present all pertinent materials outside the pleadings regarding the issue of response costs, and the parties created a complete record on the issue").

A slightly earlier decision of the Eighth Circuit Court of Appeals, *Country Club Estates, L.L.C. v. Town of Loma Linda,* 213 F.3d 1001 (8th Cir.2000), confirms the importance of notice of conversion by the court—indeed, it suggests that, in most circumstances, such notice is mandatory:

> Under our cases ..., a party against whom this [conversion] procedure is used (here, the plaintiffs) is normally entitled to notice that conversion is occurring. Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment. The general rule in this Circuit is that "strict compliance" with this notice procedure is required. *See Kaestel v. Lockhart,* 746 F.2d 1323, 1324 (8th Cir.1984) (per curiam).

*Country Club Estates, L.L.C.,* 213 F.3d at 1005. Although "strict compliance" with notice requirements is generally required, the court recognized that failure to give notice of conversion could be harmless error if, for example, "there was nothing that plaintiffs could have presented by way of countervailing evidence," or the parties had "constructive notice" of the court's intent to consider matters outside of the complaint. *Id.* In the case before it, however, the court found an absence of "strict compliance" with notice requirements and little basis for finding "constructive notice" of a conversion, and the nonmovant's subsequent showings were sufficient that the district court had not committed only harmless error by granting summary judgment without providing the

Rule 12(b)(1) to determine jurisdictional facts. *See, e.g., Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir.1998); *Deuser v. Vecera,* 139 F.3d 1190,

1191 n. 3 (8th Cir.1998). However, Home Products' motion does not challenge the court's jurisdiction.

requisite notice of conversion of the motion into a motion for summary judgment. *Id.* at 1006. Therefore, the summary judgment was reversed and the case was remanded. *Id.*

These decisions also suggest that whether the district court has ensured that the parties received adequate notice of the conversion of a motion to dismiss into a motion for summary judgment is critical to the propriety of such a conversion, as is the opportunity given to the parties to present all materials pertinent to disposition of the motion under summary judgment standards. With the guidance of these decisions in mind, the court turns, first, to consideration of whether Home Products' Motion for Partial Dismissal must be converted into a motion for summary judgment.

### 2. *Does Home Products' motion require conversion?*

▮ In this case, Home Products plainly submitted numerous documents that were not part of the pleadings in support of its Motion for Partial Dismissal. These documents included documentary evidence of Wood's and Gitch's releases. Such documents plainly include " 'written ... evidence ... in opposition to the [EEOC's Complaint] that provides some substantiation for and does not merely reiterate what is said in' " Home Products' Answer. *Hamm,* 187 F.3d at 948 (defining "matters outside the pleadings," quoting *Gibb,* 958 F.2d at 816, with internal citations omitted). Thus, one of the signals for conversion of Home Products' motion is presented here.

Furthermore, although the contents of the documents evidencing Wood's and Gitch's releases do not appear to be in dispute—just the scope and validity of the releases, and whether they were knowing and voluntary—these documents support Home Products' *defense* that the claims have been released; the EEOC's *claims* of retaliation on behalf of

Wood and Gitch, in contrast, have nothing to do with the interpretation of these documents, but with conduct of Home Products that was allegedly in retaliation for protected conduct by Wood and Gitch. *Compare Jenisio,* 187 F.3d at 972 n. 3 (conversion is not required where "the plaintiffs' claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents," citing *Silver,* 105 F.3d at 397); *Doe,* 970 F.Supp. at 1385 (conversion was not required where the materials offered were documentation of hearings and reports before Congress and authorities not readily available to the court, rather than documentary or other evidence). Thus, these documents are of a kind that would likely make conversion of Home Products' motion appropriate.[3]

Finally, the EEOC has not asked the court to exclude these documents and the court has not done so *sua sponte.* *See* FED. R. CIV. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to *and not excluded by the court,* the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....") (emphasis added). Therefore, Home Products' Motion for Partial Dismissal falls within the requirements stated in Rule 12(b) for conversion into a motion for summary judgment.

### 3. *Is further notice and supplementation required?*

▮ Because conversion is appropriate, the question then becomes whether the EEOC had adequate constructive notice of the likelihood of conversion of Home Products' motion, which would allow the court to apply summary judgment standards without providing express notice or an opportunity to supplement the record. The court notes that nowhere in Home Products' moving papers

---

3. Conversion would not be required, however, had Home Products attached to its motion only the judgment of the Iowa District Court in Wood's state-court action, because that document is a "public record." *See Missouri ex rel. Nixon,* 164 F.3d at 1107 (a motion to dismiss is not automatically converted into one for summary judgment "simply because one party submits additional matters in support of or opposition to the motion," because "[s]ome materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss").

or in its initial brief in support of its motion did Home Products suggest that, in the alternative, its motion should be treated as one for summary judgment. *Compare Dethmers Mfg. Co.,* 23 F.Supp.2d at 1000–01 (finding that it was not necessary for the court to "convert" the defendant's motion, because the defendant had couched its motion to dismiss, in the alternative, in terms of a motion for summary judgment, thus providing the opposing party with notice that the court was being asked to adjudicate the matters presented according to summary judgment standards and noting further that the opposing party had responded in kind by arguing for denial of the motion according to summary judgment standards). Thus, Home Products did not itself provide any notice to the EEOC in its original motion that it anticipated that the court would resolve the motion according to summary judgment standards. There is something inequitable, as the EEOC suggested at oral arguments, in allowing a party to invoke summary judgment standards simply by attaching various supporting documents to what is denominated, and at least initially argued, as a "motion to dismiss," without some further notice, either actual or constructive, to the responding party that the court will resolve the motion pursuant to summary judgment standards.

However, there is more in the record than Home Products' submission of documents in support of its motion to suggest that the EEOC was clearly cognizant of the likelihood that Home Products' motion would be resolved according to summary judgment standards. Although the EEOC was not the first party to submit extrinsic evidence, *see Hamm,* 187 F.3d at 949, and did not respond to Home Products' motion with evidentiary material of its own, *see Kaufman,* 18 F.3d at 612, *the EEOC was the first party expressly to raise a contention that the motion should be considered in light of summary judgment standards.* The EEOC then attempted to forestall such consideration until some discovery had been conducted pursuant to Rule 56(f). *See* EEOC's Resistance Brief at 2. In these circumstances, the EEOC could hardly be surprised that Home Products and the court would consider Home Products' motion according to summary judgment standards.

Nevertheless, the court believes that the prudent course in these circumstances is for the court to provide the parties with express notice and "a reasonable opportunity to present all material made pertinent to [Home Products'] motion by Rule 56." *See* FED. R. CIV. P. 12(b); *see also Lockhart,* 963 F.Supp. at 812–13 (resolving a motion to dismiss according to summary judgment standards only after providing the parties with notice and a reasonable opportunity to present all material made pertinent to a motion for summary judgment by Rule 56, even though both parties had submitted materials outside of the pleadings, which they anticipated would be considered by the court in resolving the motion). This course is not only supported by the language of Rule 12(b) itself, but by the decisions of the Eighth Circuit Court of Appeals requiring "strict compliance" with the notice requirements for conversion of a motion to dismiss into a motion for summary judgment, or at a minimum, adequate opportunity for the parties to create a complete record on the pertinent issues. *See, e.g., Trimble,* 232 F.3d at 955; *Country Club Estates, L.L.C.,* 213 F.3d at 1005. Certainly, prudence—as well as fairness to the parties—suggests that the court should avoid any error in its selection of the standards under which Home Products' motion should be resolved by providing notice that the court will convert the motion to one for summary judgment. Furthermore, prudence and fairness suggest that the court should avoid error by providing the parties with "a reasonable opportunity to present all material made pertinent to [Home Products'] motion by Rule 56." *See* FED. R. CIV. P. 12(b).

The court will therefore provide the parties with notice and an opportunity to supplement the motion and resistances thereto in light of the standards against which the motion will now be measured.

### B. The EEOC's Request For A Rule 56(f) Continuance

### 1. Requirements for the motion to continue

■ Because the court has concluded that Home Products' motion must be resolved

according to summary judgment standards, before the court can consider the merits of the motion, the court must also consider the EEOC's request for a Rule 56(f) continuance to conduct discovery. Rule 56(f) provides as follows:

> (f) **When, Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f). The Eighth Circuit Court of Appeals recently explained that

> "Rule 56(f) permits a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed." [*Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir.1997).] When seeking a continuance, however, the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover. *See id.; Humphreys v. Roche Biomed. Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir.1993).

*Roark v. City of Hazen, Ark.*, 189 F.3d 758, 762 (8th Cir.1999); *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir.1999) ("Federal Rule of Civil Procedure 56(f) ... requires the filing of an affidavit with the trial court showing 'what specific facts further discovery might unveil.'") (quoting *Dulany*, 132 F.3d at 1238). Thus, the opposing party must "demonstrate how discovery will provide rebuttal to the movant's claims." *Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 744 (8th Cir.1999).

▮▮ The party seeking a Rule 56(f) continuance must do more than simply assert that it may discover additional facts, and must do more even than speculate about what those facts might be. Rather, as this court explained in *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 70 F.Supp.2d 944 (N.D.Iowa 1999), " '[i]n moving for relief un-

der Rule 56(f), a party must demonstrate specifically "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." '" *Dethmers Mfg. Co.*, 70 F.Supp.2d at 981 (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed.Cir. 1996), in turn quoting *Willmar Poultry Co. v. Morton–Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir.1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976)). To that end,

> [t]he party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Securities & Exchange Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980), *cert. denied*, 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981). The rule does not require clairvoyance on the part of the moving party, *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1292 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S.Ct. 312, 130 L.Ed.2d 275 (1994), but the movant is "required to state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials would help him in opposing summary judgment." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993). It is not enough simply to assert, a la [the non-movant in the case], that "something will turn up."

*Simmons Oil Corp.*, 86 F.3d at 1144; *see also Dethmers Mfg. Co.*, 70 F.Supp.2d at 981 (quoting *Simmons Oil Corp.*).

▮▮ The reason for such requirements is that "it is well settled that, 'Rule 56(f) does not condone a fishing expedition' where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]." *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir.1997), *cert. denied*, 523 U.S. 1137, 118 S.Ct. 1839, 140 L.Ed.2d 1090 (1998). This is so, because " 'Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.' " *Id.* (quoting *United States v. Light*, 766 F.2d 394, 397 (8th Cir.1985) (*per curiam* )). Therefore, " '[a]

party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Id.* (again quoting *Light* ). Furthermore, the court does not abuse its discretion to deny discovery before ruling on a motion for summary judgment if the facts the party seeking a continuance believes it can obtain would not prevent the entry of summary judgment. *See id.; Allen v. Bridgestone/Firestone, Inc.,* 81 F.3d 793, 797–98 (8th Cir.1996).

 Where a party fails to carry its burden under Rule 56(f), "postponement of a ruling on a motion for summary judgment is unjustified." *Humphreys v. Roche Biomed. Labs., Inc.,* 990 F.2d 1078, 1081 (8th Cir. 1993); *see also Stanback,* 180 F.3d at 912 (quoting *Humphreys* ).

### 2. Have the requirements been met?

 In this case, the EEOC's counsel's Declaration in support of a Rule 56(f) continuance falls well short of these requirements. That Declaration states that counsel "believe[s] that the evidence developed during discovery will demonstrate" two things: (1) "[t]hat Wood and Gitch were terminated in retaliation for their opposition to Dave Hanlon's sexual harassment of female employees at [Home Products]"; and (2) "[t]hat the releases signed by Wood and by Gitch were not knowing and voluntary." Declaration of Jean P. Kamp, 1–2. The court finds that the Declaration contains only conclusory assertions of the inferences counsel expects a trier of fact will be able to draw, but does not "sho[w] what specific facts further discovery might uncover" in support of those inferences. *See Roark,* 189 F.3d at 762; *Stanback,* 180 F.3d at 911 ("Federal Rule of Civil Procedure 56(f) . . . requires the filing of an affidavit with the trial court showing 'what specific facts further discovery might unveil.' ") (quoting *Dulany,* 132 F.3d at 1238). Indeed, the EEOC's Declaration makes only the sort of "vague assertions that additional discovery will produce needed, but unspeci-

fied, facts" that are insufficient to require a continuance. *See Dethmers Mfg. Co.,* 70 F.Supp.2d at 981 (quoting *Simmons Oil Corp.,* 86 F.3d at 1144) (internal quotation marks and citations omitted). Consequently, the EEOC has not "demonstrate[d] how discovery will provide rebuttal to [Home Products'] claims." *Alexander,* 189 F.3d at 744. Nor does the EEOC's Declaration state—at all, let alone with the requisite precision—what materials the EEOC hopes to obtain with further discovery. *Dethmers Mfg. Co.,* 70 F.Supp.2d at 981 (citing *Simmons Oil Corp.,* 86 F.3d at 1144).

Therefore, the EEOC's request for a Rule 56(f) continuance, as it now stands, does not require a continuance.

### 3. Effect of inadequate notice of conversion on the Rule 56(f) motion

 Although the EEOC's request for a continuance in its resistance brief is not adequate, the court concludes that, because there was no "strict compliance" with the notice requirement for conversion of Home Products' motion, not only is it appropriate for the parties to be given "a reasonable opportunity"—after adequate notice—"to present all material made pertinent to [Home Products'] motion by Rule 56," *see* FED. R. CIV. P. 12(b), but that such an opportunity should include giving the EEOC an opportunity to reassert its motion for a continuance pursuant to Rule 56(f). Once such a motion for a continuance has been made, and resisted, the court will be in a better position to determine whether, as Home Products contends, the *facts* the EEOC believes it can obtain through additional discovery still would not prevent the entry of summary judgment, *see Duffy,* 123 F.3d at 1041; *Allen,* 81 F.3d at 797–98, and whether the scope of any additional discovery should be limited to facts pertaining to the validity of Gitch's release. *See* FED. R. CIV. P. 56(f) (if adequate showing is made, "the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just"). It would be inappropriate to dispose of Home Products' motion according to summary judgment standards without

"strict compliance" with the notice requirements, which admittedly delays somewhat the disposition of Home Products' contention that the EEOC cannot assert claims on behalf of Wood and Gitch. However, allowing the EEOC to reassert its motion for a continuance—as opposed to simply ordering some discovery as part of the process to supplement the parties' submissions with regard to the converted motion—may ultimately protect Home Products' "benefit of the bargain" with regard to the releases obtained from Wood and Gitch. This is so, because reassertion of the Rule 56(f) motion will allow the court to evaluate properly whether there is any need for discovery before resolving Home Products' dispositive motion. *See Duffy*, 123 F.3d at 1041 (" 'Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.' ") (quoting *Light*, 766 F.2d at 397).

### III. CONCLUSION

The court concludes that it cannot reach the merits of Home Products' Motion for Partial Dismissal at this time. Instead, the court finds that it must first "strictly comply" with the requirements for notice to the parties that Home Products' motion must be "converted" into a motion for summary judgment and must give the parties "a reasonable opportunity to present all material made pertinent to [Home Products'] motion by Rule 56." *See* FED. R. CIV. P. 12(b). The court concludes, further, that such an opportunity to supplement the record should include giving the EEOC an opportunity to reassert its request for a Rule 56(f) continuance in response to the "converted" motion, where the EEOC's initial request for a Rule 56(f) continuance, in its resistance to Home Products' Motion for Partial Dismissal, does not satisfy the requirements for such a continuance.

THEREFORE,

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in light of evidentiary materials submitted by Home Products in support of its December 6, 2000, Motion for Partial Dismissal, the parties are **notified** that Home Products' motion **is con-**verted to, and will be treated as, a motion for summary judgment pursuant to Rule 56.

2. The EEOC's request for a continuance to conduct discovery pursuant to Rule 56(f), as embodied in the EEOC's January 5, 2001, resistance to Home Products' motion, is **denied without prejudice** to reassertion of such a motion, in full compliance with Rule 56(f) and applicable authorities, on or before **April 18, 2001.**

3. **If a Rule 56(f) motion is filed by the deadline of April 18, 2001,** Home Products shall have **to and including May 2, 2001,** within which to resist that motion. The court will thereafter rule on the motion for a continuance and, if necessary, establish a schedule for discovery, further briefing, or supplementation of Home Products' Motion for Partial Dismissal and resistances thereto in light of the conversion of the motion to one for summary judgment.

4. **If no Rule 56(f) motion is filed by** April 18, 2001, or if, prior to that date, the EEOC files with the court and serves upon all parties a written notice that it will not be filing such a motion for a continuance, the parties shall have **to and including May 2, 2001, within which to supplement the Motion for Partial Dismissal and the resistance thereto,** if appropriate, in light of the conversion of the Motion for Partial Dismissal into a motion for summary judgment.

**IT IS SO ORDERED.**